per curiam:
Mediante un informe de 9 de enero de 2007, la Directora interina de la Oficina de Inspección de Notarías (ODIN) nos informó que, conforme a una inspección que se hiciera de la obra notarial del Ledo. Francisco Ruiz Nieves,
... el protocolo correspondiente al año 2001 del licenciado Ruiz Nieves quedó aprobado con deficiencias .... Se trata de las escrituras núm. 26 sobre Acto de Dominio y Posesión y la núm. 27 sobre Cesión y Donación de Bienes y Derechos Hereditarios, ambas fechadas 24 de abril de 2001, en las que el notario utilizó como testigo instrumental a uno de los mismos otorgantes. (Énfasis suplido.) Estado de la notaría del Ledo. Francisco Ruiz Nieves, pág. 1.
Expresó, además, ODIN en dicho informe que, según le informara el propio notario, “a pesar de las gestiones realizadas [por él] estaba impedido de corregir las deficiencias señaladas ante el fallecimiento de tres otorgantes de dichas escrituras públicas”. (Énfasis, suplido.) Estado de la notaría del Ledo. Francisco Ruiz Nieves, pág. 2.
*581 Nos señala ODIN, por último, que por tratarse las referidas escrituras de la disposición de bienes hereditarios —según se desprende de éstas, “todos los que en ellas comparecieron eran parientes entre sí”— “son de aplicación los Artículos 22 y 34 de la Ley Notarial, así como la Regla 33 del Reglamento Notarial”, y que por mandato de dichas disposiciones de ley, la “naturaleza de la falta en cuestión hace dicho instrumento público nulo”. (Enfasis suplido.) Estado de la notaría del Ledo. Francisco Ruiz Nieves, pág. 2.
Mediante Resolución de 22 de febrero de 2007, le concedimos un término al Ledo. Francisco Ruiz Nieves para que se expresara sobre el informe de ODIN. Ha comparecido. Expresa, en síntesis y en lo pertinente, que acepta la exposición de los hechos que hace ODIN; esto es, admite el error cometido. Como “atenuantes” de su errónea y grave actuación notarial, Ruiz Nieves nos informa que, para la fecha de la otorgación de las escrituras, su esposa estaba afectada de su salud y que “aparentemente [su] mente estaba cansada y agotada y no me percaté del error”. Por último, nos señala que el donatario no ha sido perturbado en la posesión del bien objeto de la escritura otorgada.
Resolvemos, sin ulterior trámite, al amparo de las disposiciones del Art. 50 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A.
I
En In re González Maldonado, 152 D.P.R. 871, 911-912 (2000), expresamos que el notario que autoriza o interviene en escrituras públicas, empleando testigos instrumentales, dentro de las prohibiciones impuestas por la Ley Notarial de Puerto Rico
... demuestra un pobre conocimiento de los principios básicos del derecho notarial, así como una crasa negligencia e indiferencia de su parte. Es principio harto conocido que la prác *582 tica de la notaría requiere de un cuidado extremo. Dicha actuación impropia constituye una falta grave [, que] afecta la eficacia de los documentos, In re Ramos Vélez, supra[,] que conlleva su nulidad. Art. 34 de la Ley Notarial, 4 L.P.R.A. see. 2052; Regla 33 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV; In re Martínez Ramírez, supra. Este quebrantamiento de la Ley Notarial acarrea severas sanciones. (Enfasis suplido.)
En vista de los hechos en este caso —y a la luz de las disposiciones estatutarias pertinentes aplicables y de la jurisprudencia que las interpreta— consideramos procedente decretar la suspensión inmediata del Ledo. Francisco Ruiz Nieves del ejercicio de la notaría en nuestra jurisdicción por el término de tres meses.(1)

Se dictará sentencia de conformidad.

 La Oficina del Alguacil de este Tribunal procederá de inmediato a incautar la obra notarial del licenciado Ruiz Nieves y la entregará a la Oficina de Inspección de Notarías para la investigación y el informe correspondientes, para lo cual se le concede el término de sesenta días.